OPINION
In this delayed appeal, defendant Eric Barker challenges his guilty plea to involuntary manslaughter, possession of a firearm in a liquor permit premises, and having a weapon while under disability. For the reasons set forth below, we affirm.
On September 22, 1997, defendant was indicted pursuant to a six count indictment in connection with the shooting death of Donnie Tabor. Defendant was charged with involuntary manslaughter, aggravated menacing, discharge of a firearm in a dwelling, possession of a firearm in liquor permit premises, carrying a concealed weapon, and having a weapon while under disability. All charges, except the charge of carrying a concealed weapon, contained one and three year firearm specifications.
On November 12, 1997, the prosecuting attorney recommended dismissal of drug charges which were pending against defendant under a separate case.[1] The prosecuting attorney also recommended that the instant indictment be amended by deleting the one year firearm specification from the charge of involuntary manslaughter, and deleting the specifications from the charge of possession of a firearm in liquor permit premises and the charge of having a weapon while under disability. The remaining charges were dismissed and defendant entered guilty pleas to the amended charges. The trial court sentenced defendant to five years incarceration for involuntary manslaughter, plus three years on the firearm specification, and concurrent eight month terms on the remaining charges. Defendant now appeals and assigns a single error for our review.
Defendant's assignment of error states:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN ACCEPTING A PLEA FROM THE APPELLANT WHEN THE APPELLANT WAS NOT FULLY INFORMED AS TO ALL THE CONSEQUENCES OF SAID PLEA AND IN FAILING TO ADEQUATELY INQUIRE WHETHER APPELLANT'S PLEA WAS ENTERED VOLUNTARILY, INTELLIGENTLY AND KNOWINGLY.
Defendant's counsel does not explain to us the precise manner in which he claims that the trial court was deficient. We will therefore consider whether the trial court substantially complied with the requirements of Crim.R. 11 in determining that defendant subjectively understood the implications of the plea and the rights that he waived.
Crim.R. 11(C) provides in relevant part:
 (2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept such plea without first addressing the defendant personally and:
 (a) Determining that he is making the plea voluntarily, with understanding of the nature of the charge and of the maximum penalty involved, and, if applicable, that he is not eligible for probation.
 (b) Informing him of and determining that he understands the effect of his plea of guilty or no contest, and that the court upon acceptance of the plea may proceed with judgment and sentence.
 (c) Informing him and determining that he understands that by his plea he is waiving his rights to jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses in his favor, and to require the state to prove his guilt beyond a reasonable doubt at a trial at which he cannot be compelled to testify against himself.
The underlying purpose of Crim.R. 11(C) is to convey certain information to the defendant in order to allow him or her to make a voluntary and intelligent decision of whether or not to plead guilty. State v. Ballard (1981), 66 Ohio St.2d 473, 479-480.
In determining whether the trial court has satisfied its duties, reviewing courts have distinguished constitutional and non-constitutional rights. See State v. Higgs (1997), 123 Ohio App.3d 400,402; State v. Gibson (1986), 34 Ohio App.3d 146, 147.
A broader standard is applied for rights not protected by the constitution. State v. Higgs, supra. Here, reviewing courts consider whether the trial court substantially complied with the requirements of Crim.R. 11(C)(2) and the defendant subjectively understood the implications of his plea and the nature of the rights he is waiving. State v. Nero (1990), 56 Ohio St.3d 106,107. The court may properly determine that the defendant under stood those other matters from the totality of the circumstances, without informing him directly. State v. Higgs, supra; State v.Stewart (1977), 51 Ohio St.2d 86, 92.
A more stringent standard is applied to evaluate the correctness of the plea proceedings with regard to constitutionally protected rights. A trial court's acceptance of a guilty plea will be affirmed only if it engages in meaningful dialogue with the defendant which, in substance, explained the pertinent constitutional rights "in a manner reasonably intelligible to that defendant." State v. Ballard, supra, paragraph two of the syllabus.
In State v. Carter (1979), 60 Ohio St.2d 34, 38, the Supreme Court stated:
 "The question before this court is whether the defendant received notice of the charges leveled against him and, if so, did he understand the nature of those charges. As to the latter requirement, there is no easy or exact way to make such a determination, i.e., to determine what someone subjectively understands. If the defendant receives the proper information, then we can ordinarily assume that he understands that information. In this case, we must decide whether defendant's counsel, or someone else, provided defendant with information or notice of the charges. To do so, we look at all the particular facts and circumstances surrounding the case. Johnson v. Zerbst (1938), 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461.
In this matter, defendant's trial counsel informed the court, prior to the plea, that he had advised his client of his constitutional rights, that the offense of manslaughter is non-probationable. (Tr. 6). Thereafter, the trial court informed defendant of each of his constitutional rights and informed defendant of the nature of each of the remaining charges and possible penalties. The court additionally ascertained that defendant was not under the influence of any drug, that he was not presently on probation or parole, and that no threats or promises were made to him. Defendant then entered the guilty pleas now at issue and the attorneys of record indicated their belief that the requirements of Crim.R. 11 had been met. From the foregoing, the record demonstrates that defendant received all of the required information prior to entering his guilty plea and there is no basis in the record for concluding that he did not understand this information. We are therefore unable to credit defendant's assertion that the trial court failed to comply with Crim.R. 11 in accepting his guilty pleas. The assignment of error is without merit and the judgment of the trial court is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
CORRIGAN, J., and KILBANE. J., CONCUR.
 ___________________________________ ANN DYKE ADMINISTRATIVE JUDGE
[1] See case no. 354744.