JOURNAL ENTRY AND OPINION
Appellant, John Nichols, appeals from the judgment of the Cuyahoga County Court of Common Pleas, convicting him of murder in violation of R.C. 2903.02, with a firearm specification in violation of R.C. 2941.145.
On September 5, 1996, the Cuyahoga County Grand Jury indicted appellant for one count of aggravated murder in violation of R.C. 2903.01, with a firearm specification in violation of R.C. 2941.145. Appellant's indictment for aggravated murder resulted from the shooting death of Carol Roman, who had been shot seven times while she was in her car parked at Remington College in Garfield Heights, Ohio, on August 13, 1996. On September 8, 1997, a bench trial commenced. On the third day of trial, appellant entered into a plea bargain in which the state agreed to amend the indictment from aggravated murder to murder in exchange for his guilty plea. Thereafter, appellant pleaded guilty to murder with a firearm specification. The trial court accepted appellant's plea and sentenced him to serve an indefinite term of incarceration of fifteen years to life for the murder charge and an additional term of three years of incarceration for the firearm specification. From his judgment of conviction, appellant assigns the following error in his delayed appeal:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN ACCEPTING A PLEA FROM THE APPELLANT WHEN THE APPELLANT WAS NOT FULLY INFORMED AS TO ALL THE CONSEQUENCES OF SAID PLEA AND IN FAILING TO ADEQUATELY INQUIRE WHETHER APPELLANT'S PLEA WAS ENTERED INTELLIGENTLY AND KNOWINGLY.
In his sole assignment of error, appellant contends that the trial court erred by accepting his guilty plea because it did not inform him of the consequences of his plea and did not adequately inquire whether his plea was intelligent and knowing.
Crim.R. 11(C)(2) governs the trial court's acceptance of guilty pleas and provides:
 In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept such a plea without first addressing the defendant and:
 (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 (b) Informing the defendant of and determining that he understands the effect of his plea of guilty or no contest, and that the court upon acceptance of the plea may proceed with judgment and sentence;
 (c) Informing him of and determining that he understands that by his plea he is waiving his rights to jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses in his favor, and to require the state to prove his guilt beyond a reasonable doubt at a trial at which he cannot be compelled to testify against himself.
In State v. Williams (Nov. 22, 2000), Cuyahoga App. No. 77437, unreported, 2000 Ohio App. LEXIS 5490, *6-*7, this court recently discussed compliance with Crim.R. 11(C). We stated:
 In determining whether the trial court has satisfied its duties, reviewing courts have distinguished constitutional and non-constitutional rights. See State v. Higgs (1997), 123 Ohio App.3d 400, 402, 704 N.E.2d 308; State v. Gibson (1986), 34 Ohio App.3d 146, 147, 517 N.E.2d 990. The trial court must strictly comply with those provisions of Crim.R. 11(C) that relate to the waiver of constitutional rights, including the right to a trial by jury, the right to confront one's accusers, the privilege against self-incrimination, and the right to compulsory process of witnesses. See State v. Stewart (1977), 51 Ohio St.2d 86, 88-89, 364 N.E.2d 1163; State v. Ballard (1981), 66 Ohio St.2d 473, 423 N.E.2d 115, paragraph one of the syllabus. `Strict compliance' does not require a rote recitation of the exact language of the rule; rather, the focus on review is whether the `record shows that the judge explained these rights in a manner reasonably intelligible to the defendant.' State v. Ballard (1981), 66 Ohio St.2d 473, 423 N.E.2d 115, paragraph two of the syllabus.
 When a judge fails to inform a defendant of a constitutional right before accepting his plea of no contest or guilt, that defendant need not show prejudice. Cleveland v. Wanzo (1998), 129 Ohio App.3d 664, 670, 718 N.E.2d 983.
 As to the rights set forth in Crim.R. 11 but not guaranteed by the Constitution, only substantial compliance is required. Stewart, supra, at 93; State v. Nero (1990), 56 Ohio St.3d 106, 108, 564 N.E.2d 474. `Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving.' Nero, supra, at 108. Moreover, appellant must show that a failure to comply had a prejudicial effect.
Id. `The test is whether the plea would have otherwise been made.'
A review of the transcript from the proceedings below indicates that the trial court fully complied with the dictates of Crim.R. 11(C). The record from appellant's plea proceeding reflects in pertinent part:
 COURT: It is proposed that what the prosecutor said here that you enter a plea of guilty to the charge of murder, which read that on August 13, 1996, in Cuyahoga County, that you did unlawfully and purposely cause the death of another, specifically, Carol Roman. And it is further alleged with a firearm on or about your person or under your control while committing that offense; that you displayed the firearm, or indicated you possessed a firearm or that you used the firearm or that you used the firearm to facilitate the offense?
DEFENDANT: Yes.
COURT: You understand what these charges are?
DEFENDANT: Yes.
 COURT: Now, if you plead guilty to these charges, you will be admitting that what I read to you is true, and you will be giving up your right to raise any defenses either legal or those which would mitigate the seriousness of this offense. * * * You understand that?
DEFENDANT: Yes.
* * *
 COURT: * * * [B]y pleading guilty, you are giving up your right to a trial. Of course, we have begun the trial, and you have already voluntarily relinquished your right to have the case tried by a jury and tried by me without a jury.
 But you are giving up your right to continue. If we had gone forward in this case, you would have continued to have the right to be personally present throughout the trial. And you would be represented if you went to trial by assigned counsel. * * *
 You know if you continued in the trial of this case, the State had the burden of proving beyond a reasonable doubt that you were guilty of the offense that's alleged in this case. And they would have the burden of proving beyond a reasonable doubt that you purposely caused the death of Carol Roman. * * * It means you actually intended that she should die doing what you did and not that simply you were aware she might die, but you had the purpose and had that as your intention. And the State had the burden of proving that beyond a reasonable doubt.
 And the State, obviously, will have to present witnesses to establish that. You would continue to have the right to cross-examine those witnesses, and you would also have a right to subpoena any other witnesses that you wanted to call and require the witnesses to come in and testify if you had witnesses that you wanted to bring to court. And, finally, you would have had the right to testify in this trial or to remain silent. If you had decided you did not want to testify, that would have been your privilege, and no one could hold it against you or comment in any way on your failure to testify.
 As I said before, by pleading guilty you are giving up all these rights, and I am going to enter a finding of guilty to this charge * * * of murder, of purposely causing the death of this lady.
 And if I then accept this plea, I would have the power to sentence you. And the sentencing that I will impose will be a sentence of eighteen years to life. Fifteen years to life is the required sentence for murder, and there's three years that's added on the minimum end because the firearm was involved. You will have to serve all eighteen years of that sentence. You no longer get good time credit for this. And the Parole Board will have the power at the end of eighteen years to decide whether to keep you in the penitentiary for a longer period of time. They could release you. If they release you, however, you will be under supervision. * * *
 So these are the possible consequences here of this guilty plea, Mr. Nichols. You understand what I'm saying to you?
DEFENDANT: Yes.
* * *
 COURT: Has anybody promised you anything, other than what we have said in open court?
DEFENDANT: No.
 COURT: Has anybody threatened you in any way to get you to make this plea?
DEFENDANT: No.
* * *
 COURT: I understand you have been thinking about this whole matter overnight and today. Have you talked with family members about this decision on your part?
DEFENDANT: Yes.
* * *
 COURT: Would I be correct then concluding this is a voluntary decision that you are making to enter this guilty plea?
DEFENDANT: Yes.
From the record before us, it is evident that the trial court informed appellant of the consequences of his guilty plea and did not accept his plea until it determined that the guilty plea was entered voluntarily and knowingly. Furthermore, appellant has not indicated what portion of Crim.R. 11(C) with which the trial court failed to comply. Nor has he demonstrated that he was prejudiced by any alleged non-compliance with the dictates of Crim.R. 11 that require a court to inform the offender of certain non-constitutional rights. Appellant's sole assignment of error is overruled.
For the foregoing reasons, the judgment of the Cuyahoga County Court of Common Pleas is affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 _______________________________ FRANK D. CELEBREZZE, JR., JUDGE
DIANE KARPINSKI, P.J., CONCURS, MICHAEL J. CORRIGAN, J., CONCURS.