OPINION
On August 10, 1999, appellant, Kenneth Gruber, was indicted on four counts. The first count was kidnapping, in violation of R.C. 2905.01, with specifications of sexual motivation; being a sexually violent predator, and being a violent repeat offender. The second through fourth counts were for rape, in violation of R.C. 2907.02, with specifications for being a sexually violent predator, and being a repeat violent offender. Each of the four counts was a felony of the first degree.
On September 28, 1999, pursuant to a plea-bargain agreement, appellant withdrew his initial not guilty plea and pled guilty to the kidnapping and one of the rape counts, with specifications. After a hearing, the trial court accepted appellant's guilty plea, and sentenced appellant to ten years to life on each of the two counts, to run concurrently. This sentence was part of the joint recommendation by the prosecutor and defense counsel. Upon request of the prosecution, the court entered anolle prosequi on the remaining charges.
On October 12, 1999, appellant filed a pro se motion, entitled "Change of Plea." The prosecutor did not respond to this motion. The trial court construed this motion as a motion to withdraw appellant's guilty plea, and overruled it without holding an evidentiary hearing.
On February 23, 2000, appellant filed with this court a motion for leave to file a delayed appeal and for appointment of counsel. We granted appellant's motions and the instant appeal ensued.
Appellant raises the following assignments of error:
 "[1.] The trial court erred by accepting the appellant's guilty plea without first advising appellant that he was ineligible for community control sanctions.
 "[2.] The trial court erred by accepting the appellant's guilty plea without first determining whether the appellant understood the effect of the plea.
 "[3.] The trial court erred by denying appellant's motion to withdraw his guilty plea."
 In appellant's first assignment of error, he alleges that the trial court erred by failing to explain to appellant at the plea hearing that he was ineligible for community control sanctions. Appellant also alleges that he did not understand the meaning of the term "mandatory" as applied to sentencing.
Crim.R. 11(C)(2) provides:
 "(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
 Crim.R. 11(C)(2) creates two sets of requirements for a court to accept a guilty plea in a felony case. The first set is constitutional; the second set is nonconstitutional.
To comply with the constitutional requirements, the court must explain to the defendant that he is waiving: (1) the Fifth Amendment privilege against self-incrimination, (2) the right to a trial by jury, (3) the right to confront one's accusers, (4) the right to compulsory process of witnesses, and (5) the right to be proven guilty by a reasonable doubt.State v. Nero (1990), 56 Ohio St.3d 106, 107-108 (citing Boykin v.Alabama (1969), 395 U.S. 238, 242-243); State v. Ballard (1981),66 Ohio St.2d 473, 477-478; State v. Higgs (1997), 123 Ohio App.3d 400,407. The court must strictly comply with these requirements, and the failure to strictly comply invalidates a guilty plea. Higgs at 403.
The other requirements listed in Crim.R. 11(C)(2)(a) (b) are nonconstitutional. While literal compliance is the preferred practice, a guilty plea is valid as long as the court substantially complies with these requirements. Nero at 108. The Supreme Court of Ohio has stated that:
 "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving * * *. Furthermore, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect * * *. The test is whether the plea would have otherwise been made." Nero, supra, 56 Ohio St.3d at 108. (Citations omitted).
 Viewing the totality of the circumstances, we find that, even though the trial court did not use the words "community control sanctions," it substantially complied with the Crim.R. 11(C)(2)(a) requirement that it determine that appellant understood that he was not eligible for community control sanctions. This determination is supported by ample evidence in the record of the plea hearing below.
During the court's colloquy, the following exchange occurred:
 "THE COURT: What does that mean, mandatory prison term, do you understand that?
"The Defendant: Mandatory is minimum, your honor.
 "THE COURT: No, mandatory means the court must impose the sentence.
 "[DEFENSE COUNSEL:] A sentence of prison, you must go to prison. It doesn't say what it has to be, it's the minimum on the kidnapping / rape the Court is allowed to give, but the Court must give you prison time, it cannot give you probation.
"THE DEFENDANT: Yeah, I understand that."
From this exchange, it is clear that appellant must have been subjectively aware that he was not eligible for community control and would be sentenced to time in prison. Appellant's own counsel explicitly stated that the court could not give him probation, but was required to send him to prison. After this exchange, appellant could not have remained unaware that he was not going to receive community control sanctions.
And, in fact, appellant was aware that he faced actual mandatory prison time, as is shown by a later exchange during the plea hearing, when the court questions appellant directly on whether he is aware that he faces mandatory prison time:
 "THE COURT: Do you understand that you face mandatory prison time in this case? Do you understand that?
"THE DEFENDANT: Yeah."
 This shows that appellant, after his initial confusion over the meaning of "mandatory" had been cleared up, knew that he would be facing time in prison rather than community control sanctions. As appellant subjectively understood that he would be going to prison and would not receive community control sanctions, the trial court substantially complied with Crim.R. 11(C)(2)(a). Moreover, appellant failed to explain how the court's failure to inform him that he was ineligible for community control sanctions prejudiced him. Nero, supra. Appellant's first assignment of error is without merit.
In appellant's second assignment of error, he claims that the trial court did not substantially comply with Crim.R. 11(C)(2)(b). Appellant argues that the trial court erred by not formally addressing him and advising him that his guilty plea served as a complete admission of guilt to all charges.
The requirements in Crim.R. 11(C)(2)(b) are nonconstitutional requirements. Thus, as stated above, the trial court must substantially comply with the requirements for the guilty plea to be valid. Nero,supra.
Appellant relies on the Second District Court of Appeals' decision inState v. Roberson (June 20, 1997), Montgomery App. No. 16052, 1999 Ohio App. LEXIS 2640, unreported, in support of his argument. In Roberson, the reviewing court held that a court has a mandatory duty to inform a defendant of the effect of a guilty plea as stated in Crim.R. 11(C)(2)(b). Id. at *6. The court vacated the guilty plea because the trial court never explicitly told the defendant that a guilty plea was a complete admission of guilt to the offense charged. Id.
This court has declined to follow the Second District's view of this provision. State v. Mallon (Dec. 17, 1999), Trumbull App. No. 98-T-0032, unreported, 1999 Ohio App. LEXIS 6131. We have held that a guilty plea is not automatically invalid because the trial court did not advise the defendant, in so many words, that a guilty plea is a complete admission of guilt to the offenses charged. Id. at *13. Instead, this court looks at whether the court substantially complied with the spirit of Crim.R. 11(C)(2)(b). Id. at *14.
At the plea hearing, the court engaged in an extensive plea colloquy with appellant. The court explained the elements of the charges against appellant, including the specifications for each charge. The court informed appellant of the possible penalties for each of the charges, and the mandatory penalty for the repeat violent offender specification. The court informed appellant of his constitutional rights, and informed him that he would be waiving those rights by pleading guilty. The court also ascertained that appellant had counsel, and that he was not threatened or coerced into making his plea.
In addition, appellant has failed to explain how he was prejudiced by the court's failure to tell him that his guilty plea operated as a complete admission to the charges against him. Nero, supra. Appellant's second assignment of error is without merit.
In light of appellant's first and second assignments of error, we recommend that courts engage in a thorough colloquy with defendants entering a guilty plea. While we acknowledge that only substantial compliance is required for the non-constitutional elements of Crim.R. 11, a fully developed plea colloquy, in which the court questions the defendant actively, encouraging definitive responses, would provide a better record for appeal. In addition, for felony cases, the court should speak in terms of "community control sanctions," in place of probation.
In appellant's third assignment of error, he argues that the trial court erred by denying his motion to withdraw his guilty plea, and by doing so without first holding an evidentiary hearing.
Crim.R. 32.1 provides that, "[a] motion to withdraw a plea of guilty * * * may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." A defendant seeking to withdraw his plea of guilty has the burden of establishing the existence of manifest injustice. State v. Smith
(1977), 49 Ohio St.2d 261, paragraph one of the syllabus. This standard only allows post-sentence withdrawal of a guilty plea in extraordinary circumstances. Id. at 264. This prevents a defendant from pleading guilty as a strategy to test the weight of potential punishment. Id.
In addition, a motion to withdraw a guilty plea "is addressed to the sound discretion of the trial court, and the good faith, credibility, and weight of the movant's assertions in support of the motion are matters to be resolved by that court." Id. at paragraph two of the syllabus. A reviewing court may not reverse a trial court's denial of a motion to withdraw a guilty plea absent a finding of abuse of discretion. Statev. Jackson (March 31, 2000), Trumbull App. No. 98-T-0182, unreported, 2000 Ohio App. LEXIS 1423, at *7.
Essentially, appellant alleges that he was misled into entering the guilty plea by his appointed public defender. He alleges that his attorney (1) advised him that, if he were to go to trial, he would likely be found guilty and be sentenced to eighty years to life, (2) advised him that calling character witnesses at trial would be useless, (3) didn't talk to people that appellant suggested could be witnesses, (4) told him that the plea bargain agreement was for imprisonment of ten years, not ten to life, and (5) wouldn't talk to appellant's mother after the sentencing hearing.
It is clear, upon a review of the record, that none of these allegations rises to the level of manifest injustice. Not only was it not injustice for appellant's attorney to warn him of the likely outcome of a trial, but an attorney has a duty to inform his client of potential sentences. Jackson at *9. Appellant's attorney's judgment calls as to the helpfulness of calling character witnesses at trial and of interviewing potential witnesses are tactical decisions, which trial attorneys are expected to make, and do not constitute manifest injustice. Appellant's attorney's alleged refusal to talk with appellant's mother, while perhaps callous, is not evidence of manifest injustice.
Appellant alleges in his motion that his attorney told him that the plea bargain agreement was for ten years, not ten years to life. The record of the plea hearing is very clear, however, that appellant knew that the plea agreement specified a sentence of ten years to life, not ten years. At the very beginning of the hearing, the terms of the agreement were discussed, and repeatedly throughout the hearing the court informed appellant that he was subject to imprisonment for up to life in prison.
None of the allegations contained in appellant's motion to withdraw his guilty plea show manifest injustice. Appellant has not met his burden to show such injustice and the trial court did not abuse its discretion in overruling appellant's motion.
Appellant also alleges in his third assignment of error that the trial court erred by overruling his motion to withdraw his guilty plea without first holding an evidentiary hearing.
Case law is clear that "a hearing on a post-sentence motion to withdraw a guilty plea is not required if the facts alleged by the defendant, and accepted as true by the court, would not require that the guilty plea be withdrawn." Jackson, supra, citing State v. Blatnick (1984),17 Ohio App.3d 201, 204. As discussed above, the allegations in appellant's motion to withdraw his guilty plea do not meet his burden of showing manifest injustice. As appellant's alleged facts do not require that the guilty plea be withdrawn, the trial court was not required to afford him a hearing before overruling his motion. Appellant's third assignment of error is without merit.
Based on the foregoing analysis, we affirm the judgment of the Lake County Court of Common Pleas.
JUDGE ROBERT A. NADER, O'NEILL, P.J., CHRISTLEY, J., concur.