OPINION
{¶ 1} Defendant-appellant, Dennis Jones, appeals his felony DUI conviction in the Warren County Common Pleas Court, alleging that his guilty plea was not knowingly, voluntarily, and intelligently made. For the reasons that follow, we affirm the conviction.
 {¶ 2} Appellant was charged with two related felony counts of driving under the influence ("DUI"), violations of R.C. 4511.19(A)(1) and R.C. 4511.19(A)(3). Appellant had been convicted of three or more DUI offenses in the prior six years. Appellant, represented by counsel, pled guilty to a violation of R.C. 4511.19(A)(1) with the agreement that the second, related count would be dismissed. At a separate sentencing hearing, appellant was sentenced to 18 months in prison and fined $800. The trial court also imposed a lifetime driver's license suspension.[1]
Appellant appeals, presenting a single assignment of error:[2]
 {¶ 3} "The trial court erred to the prejudice of appellant when it accepted his plea without substantially complying with Crim. R. 11 with respect to the maximum penalties involved."
 {¶ 4} Appellant argues that his plea was not knowingly, voluntarily, or intelligently made as a result of the trial court's failure to inform him that a lifetime driver's license suspension was a possible ramification of his guilty plea. He thus concludes that the trial court failed to substantially comply with Crim.R. 11.
 {¶ 5} Crim.R. 11(C)(2) requires the trial court, when accepting a guilty plea, to address the defendant personally, and:
 {¶ 6} "Determin[e] that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 {¶ 7} "(b) Inform the defendant of and determin[e] that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 {¶ 8} "(c) Inform the defendant and determin[e] that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
 {¶ 9} A trial court must strictly comply with the constitutional requirements of Crim.R. 11(C)(2)(c). State v. Higgs (1997),123 Ohio App.3d 400, 403. However, a trial court need not exercise strict adherence when discussing the nonconstitutional requirements of Crim.R. 11(C)(2)(a) and (b), even though literal compliance is preferred. Statev. Nero (1990), 56 Ohio St.3d 106, 107-108. Rather, a guilty plea is valid if a trial court substantially complies with the language of Crim.R. 11(C)(2)(a) and (b). Id. For purposes of this appeal, appellant concedes that the lifetime license suspension is a nonconstitutional requirement.
 {¶ 10} Substantial compliance indicates that, under the totality of the circumstances, a defendant subjectively understands the implications of his guilty plea and the rights that he is waiving. Nero
at 108. An appellant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must further demonstrate a prejudicial effect, i.e., that the plea would not have otherwise been made, except for the omission. Id.
 {¶ 11} At the plea hearing, the trial court informed appellant that he was subject to a maximum prison sentence of 30 months and a maximum fine of $10,000. The trial court continued, informing appellant: "[i]f I don't send you to prison, I must nonetheless sentence you to the county jail for at least 60 days and impose a fine of anywhere up to $10,000. And your driver's license will be suspended for five years." Although appellant was in fact subject to a lifetime license suspension under R.C. 4507.16(B)(4), the trial court failed to so inform him. The trial court further stated that the actual sentence imposed would not be determined until after the court had reviewed the presentence investigative report. The trial court concluded by informing appellant that "nobody can tell you today for sure what your sentence is going to be, because I don't know that myself."
 {¶ 12} It is thus clear that the trial court did not make any promises to appellant about a possible sentence or penalties. While the trial court did state that appellant could be subject to a five-year driver's license suspension, there is no dispute that appellant was not informed of the possible lifetime driver's license suspension before the plea was accepted. Despite the state's argument that appellant had experienced previous license suspensions, it does not appear in the record, nor can it be inferred from the record that appellant was aware of the possibility of a lifetime suspension. See State v. Nero,56 Ohio St.3d at 108. Under the totality of the circumstances, it appears that appellant could not have subjectively understood that a nonconstitutional implication of his guilty plea was that his driver's license could be suspended for his lifetime.
 {¶ 13} However, as noted above, appellant must also demonstrate that he was prejudiced by this omission. To this end, appellant argues that he would not have pled guilty had he known of the possibility of a lifetime driver's license suspension.
 {¶ 14} We find this contention unpersuasive. Because of the plea agreement, one of the charges against appellant was dismissed. The trial court sentenced appellant to one year less than the possible maximum prison term and substantially less than the maximum possible fine possible. We thus conclude that even if the trial court did not substantially comply with Crim.R. 11(C) by its failure to notify appellant of the possible lifetime license suspension, appellant has failed to demonstrate that he would not have entered a guilty plea but for the trial court's failure to so advise him. See Nero, at 108; accordState v. Ingram, Franklin App. No. 01AP-854, 2002-Ohio-883 (defendant failed to demonstrate prejudice where he was given a three-year license suspension although not previously informed that suspension was possible punishment); State v. Calderon (Nov. 29, 1995), Montgomery App. No. CA 1525 (defendant not prejudiced where he is erroneously informed that lifetime suspension is not applicable to him and later receives lifetime suspension).
 {¶ 15} With respect to the nonconstitutional rights contained in Crim.R. 11(C), defendant has failed to satisfy his burden of demonstrating prejudice, and his assignment of error is accordingly overruled.
Judgment affirmed.
POWELL, J., concurs.
VALEN, P.J., dissents.
[1] Both parties and the trial court refer to the penalty as a lifetime license suspension, instead of a license revocation, and that is the language we will use for this appeal.
[2] Appellant's original appeal contained two assignments of error, but appellant moved to dismiss the first assignment and this court granted the motion.