JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Tony Olee ("appellant"), appeals the decision of the trial court. Having reviewed the arguments of the parties and the pertinent law, we hereby affirm appellant's convictions, vacate his sentence, and remand to the lower court for resentencing.
 I. {¶ 2} According to the case, appellant was indicted on one count of drug possession, stemming from an incident on July 21, 2005 (Case No. CR-473163). Later, on December 22, 2005, a four-count indictment was filed against appellant, containing one count each of carrying a concealed weapon, having a weapon under disability, drug trafficking, and drug possession. These four charges stemmed from an incident on November 5, 2005 (Case No. CR-475132).
 {¶ 3} On February 1, 2006, appellant withdrew his not guilty pleas on both cases. In Case No. CR-473163, he pled guilty to one count of drug possession. In Case No. CR-475132, appellant pled no contest to all four counts. The court eventually found appellant guilty of all four counts. The sentencing hearings on these cases were held on February 22, 2006. In Case No. CR-473163, the court sentenced appellant to 11 months in the Lorain Correctional Institution.
 {¶ 4} In Case No. CR-475132, the court sentenced appellant to 17 months on the carrying concealed weapon, drug trafficking, and drug possession counts, and to four years on the weapon under disability count. All five counts were to run *Page 4 
concurrently to each other, for a total of four years. The court also announced that the sentence in Case No. CR-473163 would be served concurrent to the sentence in Case No. CR-475132. This appeal now follows.
 II. {¶ 5} First assignment of error: "The trial court erred by engaging in unconstitutional fact-finding in imposing sentences beyond the minimum pursuant to an invalid statute."
 {¶ 6} Second assignment of error: "The trial court erred by not advising appellant of his right against compulsory self-incrimination before accepting his pleas of guilt and no contest."
 III. {¶ 7} Appellant argues in his first assignment of error that the lower court erred by engaging in unconstitutional fact-finding in imposing sentences beyond the minimum, pursuant to an invalid statute.
 {¶ 8} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856,845 N.E.2d 470, the Ohio Supreme Court found that several provisions of S.B. 2 violate Blakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531,159 L.Ed.2d 403. Specifically, the court held:
 "Ohio's sentencing statutes offend the constitutional principles announced in Blakely in four areas. As was reaffirmed by the Supreme Court in Booker, `Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be *Page 5 
admitted by the defendant or proved to a jury beyond a reasonable doubt.'"
Foster, supra, at 82 (citing United States v. Booker (2005),543 U.S. 220, 224, 125 S.Ct. 738, 160 L.Ed.2d 621).
 {¶ 9} The Foster court severed R.C. 2929.14(B), 2929.19(B)(2) and2929.14(E)(4), which govern more than the minimum and consecutive sentences, and rendered them unconstitutional. As a result, the trial court is no longer obligated to follow these mandatory guidelines when sentencing a felony offender. "Where sentencing is left to the unguided discretion of the judge, there is no judicial impingement upon the traditional role of the jury." Foster, supra, at 90.
 {¶ 10} Accordingly, appellant's first assignment of error is sustained.
 {¶ 11} Appellant argues in his second assignment of error that the trial court erred by not advising him of his right against compulsory self-incrimination before accepting his pleas of guilty and no contest.
 {¶ 12} In regard to nonconstitutional rights, we review a trial court's adherence to Crim.R. 11 for substantial compliance. State v.Scott, Cuyahoga App. Nos. 84382, 84383, 84384, 84389, 2005-Ohio-3690. Where the constitutional rights listed in Crim.R. 11(C) are concerned, the review is heightened to a strict compliance analysis. State v.Nero (1990), 56 Ohio St.3d 106, 564 N.E.2d 474; State v. Higgs (1997),123 Ohio App.3d 400, 704 N.E.2d 308.
 {¶ 13} Crim.R. 11(C) provides, in relevant part, as follows: *Page 6 
 "(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 * * *
 (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the State to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
 {¶ 14} Appellant maintains that the trial court failed to advise him of his right against compulsory self-incrimination in violation of Crim.R. 11. Appellant argues that the lower court's comments were vague and nondescript. However, there is nothing in the record to support appellant's argument that the lower court erred. Accordingly, we find that the evidence demonstrates the trial court complied with the Crim.R. 11 requirements.
 {¶ 15} Appellant's second assignment of error is overruled.
 Convictions affirmed, sentence vacated, and remanded for resentencing.
 It is ordered that appellee and appellant share the costs herein taxed.
 The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for resentencing. *Page 7 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANTHONY O. CALABRESE, JR., JUDGE
 FRANK D. CELEBREZZE, JR., A.J., and JAMES J. SWEENEY, J., CONCUR. *Page 1