OPINION
This is an appeal from the judgment of the Trumbull County Court of Common Pleas, denying the motion of appellant, Robert Eshbaugh Jr., to withdraw his guilty plea.
On October 25, 1990, appellant pleaded guilty to attempted rape, in violation of R.C. 2923.02 and 2907.02(A)(1)(b). On January 10, 1991, appellant was sentenced to an indefinite term of three to fifteen years in prison. On April 11, 1997, appellant filed a motion to withdraw his guilty plea.
Appellant argued that H.B. 180, modifying the R.C. 2950 reporting and notification requirements for sexual offenders, changed the terms of his plea-bargain agreement with the state. Appellant also argued that, because he was not informed of these provisions at the time of his guilty plea, his plea was not knowingly and voluntarily made, and thus, there was an extraordinary circumstance resulting in manifest injustice. The trial court denied appellant's motion to withdraw his guilty plea, finding that he had failed to demonstrate manifest injustice.
In his pro-se brief, appellant raises the following assignments of error:
 "[1.] That the trial court abused it's [sic] discretion in overruling the defendant's motion to withdraw plea [sic] due to the fact that the Ohio legislature has enacted retroactive legislation which acts to change the consequences of the defendant's plea inasmuch as this change in law makes the defendant subject to additional burdens when these burdens were [sic] inapplicable to the defendant at the time he entered his plea."
 "[2.] That the case at bar involves a plea agreement between the appellant and the state of Ohio and the trial court's failure to provide adequate remedy for breach of contract when the state breached the contract in the case at bar constitutes abuse of discretion."
 In appellant's first assignment of error, he argues that he should be permitted to withdraw his guilty plea because it was not voluntarily, knowingly, and intelligently made. He claims that the General Assembly's passage of H.B. 180, modifying Ohio's sexual offender registration law, imposed additional substantive consequences on his guilty plea. Because the court did not inform him of these consequences at the guilty plea hearing, appellant argues, he did not understand the consequences of his plea, as required by Crim.R. 11.
Though he challenges the validity of his guilty plea, appellant has failed to provide this court with a transcript of his plea hearing. It is the appellant's duty to provide a transcript for the appellate court's review. Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Id. We will consider appellant's assignments of error, however, because it is clear that a court, conducting a plea hearing in 1991, could not inform a defendant about changes in R.C. 2950 that would not occur until 1997.
Crim.R. 32.1 provides that, "[a] motion to withdraw a plea of guilty * * * may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." A defendant seeking to withdraw his plea of guilty has the burden of establishing the existence of manifest injustice. State v. Smith (1977),49 Ohio St.2d 261, paragraph one of the syllabus. This standard only allows post-sentence withdrawal of a guilty plea in extraordinary circumstances. Id., at 264.
In addition, a motion to withdraw a guilty plea "is addressed to the sound discretion of the trial court, and the good faith, credibility, and weight of the movant's assertions in support of the motion are matters to be resolved by that court." Id., at paragraph two of the syllabus. A reviewing court may not reverse a trial court's denial of a motion to withdraw a guilty plea absent a finding of abuse of discretion. State v.Jackson (Mar. 31, 2000), Trumbull App. No. 98-T-0182, unreported, 2000 Ohio App. LEXIS 1423, at *7.
Crim.R. 11(C)(2) provides that a court may not accept a guilty plea unless it addresses the defendant personally and: (1) determines that he is making the plea voluntarily, understanding the charges and the maximum penalty involved; (2) informs him of the effect of his guilty plea; and (3) informs him of the federal and state constitutional rights he will be waiving by entering a guilty plea.
Crim.R. 11(C)(2) creates two sets of requirements for a court to accept a guilty plea in a felony case. The first set is constitutional; the second set is nonconstitutional. Strict compliance is required for the constitutional requirements. State v. Higgs (1997), 123 Ohio App.3d 400,407. While literal compliance is the preferred practice for the nonconstitutional requirements, a guilty plea is valid as long as the court substantially complies with these requirements. State v. Nero
(1990), 56 Ohio St.3d 106, 108.
The Supreme Court of Ohio has held that Ohio's sexual offender registration requirements, found in R.C. 2950, as modified by H.B. 180, are merely "de minimis procedural requirements," which do not restrain the defendant or impose any new affirmative disability upon him. Statev. Cook (1998), 83 Ohio St.3d 404, 412, 418. Sexual offender registration is thus not punishment. Id. at 423; State v. Randall (2001),141 Ohio App.3d 160, 164.
Because the registration requirements of R.C. 2950 are not punishment, and do not impose a restraint or disability on appellant, the enaction of R.C. 2950 did not alter the penalty to which appellant was subject. As appellant's possible punishment was not affected, the trial court was under no obligation to inform defendant of the registration requirements, and the fact that the court could not have mentioned them at the plea hearing, does not render appellant's plea involuntary. SeeState v. Lambert (May 25, 1999), Franklin App. No. 98AP-941, unreported, 1999 WL 333218, at *2.
In addition, "felons have no right to expect that their conduct will never thereafter be made the subject of legislation." Cook at 412, quoting State ex rel. Matz v. Brown (1988), 37 Ohio St.3d 279, 281-82. Thus, the trial court did not abuse its discretion by refusing to allow appellant to withdraw his guilty plea. Appellant's first assignment of error is without merit.
In appellant's second assignment of error, he claims that the state breached its plea agreement with him by enacting H.B. 180 and changing the sexual offender registration requirements. He further argues that the court abused its discretion by denying appellant an adequate remedy for the breached agreement, namely the withdrawal of his guilty plea.
In light of our determination, in appellant's first assignment of error, that R.C. 2950 does not impose additional burdens or punishment on appellant, appellant's assertion that the state breached its plea agreement with him is without merit.
Furthermore, except for a single reference in his written guilty plea stating that, "[d]efendant to plead guilty [sic] to Bill of Information," appellant has failed to provide the court with evidence of the provisions of the plea agreement. From the terms of the agreement available to this court, it appears that the state fully complied with its part of the plea agreement, by allowing appellant to plead guilty to the bill of information, rather than securing an indictment from a grand jury. As the state fully complied with the agreement, it is not in breach of the agreement, and the court did not abuse its discretion in denying appellant's motion to withdraw his guilty plea. Appellant's second assignment of error is without merit.
For the foregoing reasons, the judgment of the Trumbull County Court of Common Pleas, denying appellant's motion to withdraw his guilty plea, is affirmed.
FORD, P.J., GRENDELL, J., concur.