OPINION
On April 18, 1997, appellant, Frederick C. Galloway, Jr., was indicted on four counts: (1) aggravated robbery, in violation of R.C. 2913.01, with a firearm specification; (2) conspiracy to commit aggravated robbery, in violation of R.C. 2923.01, with a firearm specification; (3) grand theft of a motor vehicle, in violation of R.C. 2913.02; and (4) grand theft of a motor vehicle, in violation of R.C. 2913.02. Appellant pleaded not guilty to the charges.
On May 9, 1997, seven days after appellant was arraigned, appellant's court-appointed attorney filed a motion to withdraw as counsel, citing D.R. 7-101(A)(1) as grounds for his motion. On May 14, 1997, the trial court granted counsel's motion to withdraw and, at the same time, appointed new counsel for appellant.
On July 10, 1997, appellant withdrew his plea of not guilty and entered a plea of guilty on counts one, three, and four. The state moved the court for, and was granted a nolle prosequi on count two. The trial court, after a colloquy with appellant, accepted his plea of guilty and ordered that a pre-sentence investigation report be completed.
On August 8, 1997, following a sentencing hearing, appellant was ordered to serve a definite term of nine years in prison on count one, and a definite term of eighteen months incarceration on counts three and four, to run concurrent with each other, and an additional term of three years as a mandatory prison term for the firearm specification, to run consecutively to and prior to the other terms imposed.
On May 19, 2000, appellant filed with this court a motion for leave to file a delayed appeal and a motion for appointed counsel. We granted appellant's motion for a delayed appeal and appointed appellate counsel. The instant appeal followed.
Appellant raises the following assignments of error:
 "[1.] Defendant-appellant was denied due process of law in violation of Ohio Crim.R. 11, the Fourteenth Amendment to the United States Constitution, and Article I Section X of the Ohio Constitution where the trial court failed to comply with Ohio Crim.R. 11(C).
 "[2.] Defendant-appellant was denied the effective assistance of counsel as guaranteed by the Sixth and Fourteenth amendments to the U.S. Constitution and Article I, Section X of the Ohio Constitution."
In his first assignment of error, appellant argues that his right to due process was violated because the court accepted a guilty plea that was not knowing or voluntary, in violation of Crim.R. 11(C). Appellant contends that his guilty plea was induced by promises made by police officers and by his counsel that he would receive a lesser sentence.
Crim.R. 11(C)(2) provides:
 "(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
Crim.R. 11(C)(2) creates two sets of requirements for a court to accept a guilty plea in a felony case. The first set is constitutional; the second set is nonconstitutional.
To comply with the constitutional requirements, the court must explain to the defendant that he is waiving: (1) the Fifth Amendment privilege against self-incrimination, (2) the right to a trial by jury, (3) the right to confront one's accusers, (4) the right to compulsory process of witnesses, and (5) the right to be proven guilty beyond a reasonable doubt. State v. Nero (1990), 56 Ohio St.3d 106, citing Boykin v. Alabama
(1969), 395 U.S. 238, 242-243., State v. Ballard (1981), 66 Ohio St.2d 473, at the syllabus; State v. Higgs (1997), 123 Ohio App.3d 400, 407. The court must strictly comply with these requirements, and the failure to strictly comply invalidates a guilty plea. Higgs, supra, at 403.
The requirements listed in Crim.R. 11(C)(2)(a) are nonconstitutional. While literal compliance is the preferred practice, a guilty plea is valid as long as the court substantially complies with these requirements. Nero, supra at 108. The Supreme Court of Ohio has stated that:
 "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving. Furthermore, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect. The test is whether the plea would have otherwise been made." Id. (Internal citations omitted).
In the trial court's guilty plea colloquy, the following exchange occurred:
 "THE COURT: Has anyone promised you anything in exchange for such a [guilty] plea?"
"THE DEFENDANT: No, sir."
"THE COURT: You hesitate?"
 "THE DEFENDANT: Well, I was thinking, because there was promises that if I return the gun, but that wasn't to do anything with the plea. That was to deal with the sentencing."
"THE COURT: Well, what was said to you about sentencing?"
 "THE DEFENDANT: They just promised a reduced sentence when I did return the gun."
"THE COURT: Who promised?"
"THE DEFENDANT: Sergeants and detectives."
"THE COURT: And what did they promise?"
 "THE DEFENDANT: She just promised reduced sentences; that they were going to specifically reduce my sentence."
"THE COURT: Well, go ahead."
"THE DEFENDANT: That's all they said."
"THE COURT: What does that mean to you?"
 "THE DEFENDANT: It doesn't mean anything but what they said."
 "THE COURT: Well, you understand that the police are not in authority to decide anything about a sentence. The Judge is the only one that can sentence you, and he is not obligated by anything that anyone has said or promised to you about a sentence."
"Do you understand that?"
 "THE DEFENDANT: Yes, I do. That's why I just basically didn't bring it up at first."
Appellant claims that, once the court found out that a promise had been made by the police, the court failed to inquire into the nature of the promise and failed to ensure that appellant's guilty plea was not induced by his reliance on the promise. This argument is not well taken.
The record shows that the court carefully questioned appellant about the nature of the promise by the police. The court was alerted by a hesitation in appellant's answer to a question, and expanded its questioning of appellant to determine the nature of the promise, and to be sure that appellant understood that the promise was essentially meaningless.
In response to the court's inquiries, appellant unequivocally indicated that he understood that any promise by the police had no effect on the judge's sentence. This, together with appellant's signed, written guilty plea and waiver of his rights, is more than sufficient to satisfy the requirement of substantial compliance with Crim.R. 11(C)(2)(a). Indeed, the trial court should be commended for conducting a thorough and effective guilty plea colloquy, and for taking pains to ensure that appellant's guilty plea was truly voluntary.
Appellant also claims, in his brief, that his counsel had promised him a sentence of six years in prison, with three years for the firearm specification. However, in the guilty plea colloquy, appellant, when asked whether his attorney had promised him a specific sentence in the case, indicated that he had not. The record does not indicate any promise of a specific sentence made by appellant's attorney. In light of appellant's statement at the plea colloquy and the lack of any indication that a promise was actually made by his attorney, this argument is not well taken.
Appellant also argues that he was misled by the court into believing that he could not challenge the voluntariness of a guilty plea through a motion to withdraw his plea or through post conviction relief. Appellant claims that he was unable to timely pursue either of these avenues due to this misinformation.
At the guilty plea colloquy, the court told appellant:
 "In addition, if you were to go to trial and were convicted in such a trial, you would have a right to an appeal."
 "If you enter a plea of guilty here today there will be no trial, and likewise, there cannot be an appeal."
Crim.R. 11(C)(2) does not require that the court inform a defendant of this limited right to appeal a guilty plea before accepting the plea. The court informed appellant that he was waiving his right to be free from self-incrimination, his right to a jury trial, his right to confront his accusers, his right to compulsory process of witnesses, and his right to be proven guilty beyond a reasonable doubt. By doing this, the court complied with the constitutional requirements of Crim.R. 11(C)(2).
While this statement by the court could possibly be used to argue that appellant should be permitted to file an untimely motion for post conviction relief, pursuant to R.C. 2953.23, or that he should be permitted to withdraw his guilty plea after sentencing, pursuant to Crim.R. 32.1, such a statement does not render his guilty plea involuntary. Appellant's first assignment of error is without merit.
In his second assignment of error, appellant argues that he was denied effective assistance of counsel. In support of this argument, appellant avers that, because his original counsel withdrew, his second counsel only had sixty days to prepare his defense. Appellant also states, without any support, that his counsel did not adequately investigate the allegations against him, did not file pretrial motions, and promised him that he would receive the same sentence that his co-defendant received.
A guilty plea waives the right to appeal issues of ineffective assistance of counsel, unless the ineffective assistance caused the guilty plea to be involuntary. State v. Lewis (Aug. 19, 1994), 11th Dist. No. 92-T-4687, 1994 Ohio App. LEXIS 3652, at *10, citing State v.Barnett (1991), 73 Ohio App.3d 244.
"Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance." State v. Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus, citing Strickland v. Washington (1984),466 U.S. 668. A licensed attorney is presumed to have rendered effective assistance in representing a criminal defendant; thus, appellant bears the burden of proving ineffective assistance. State v. Kerns (July 14, 2000), 11th Dist. No. 99-T-0106, 2000 Ohio App. LEXIS 3202, at *7. Furthermore, we cannot infer ineffective assistance from a silent record; rather, appellant bears the burden of proving ineffective assistance. State v. Murphy (2001), 91 Ohio St.3d 516, 542,2001-Ohio-112.
In order to demonstrate ineffective assistance of counsel in the context of a guilty plea conviction, the defendant must demonstrate that the trial counsel's performance was deficient and that the defendant was prejudiced by the deficient performance in that it precluded the defendant from entering the plea knowingly and voluntarily. Kerns, supra at *2, citing State v. Sopjack (Dec. 15, 1995), 11th Dist. No. 93-G-1826, 1995 Ohio App. LEXIS 5572.
Appellant first argues that, because his counsel was appointed only sixty days before his guilty plea was entered, his counsel could not have given him effective representation in a case with charges as serious as aggravated robbery with a firearm specification. Appellant, however, fails to demonstrate how any time constraints caused his counsel's representation to fall below an objective standard of reasonable representation. Appellant is essentially asking this court to declare that bringing an aggravated robbery case to a guilty plea within sixty days is presumed to be ineffective assistance of counsel. We do not find this argument persuasive.
While we acknowledge that it takes more time for counsel to properly prepare for a trial of complex issues than a trial of simple issues, the instant case did not progress to trial. An attorney can effectively represent a defendant in the negotiation of a plea bargain agreement and the entering of a guilty plea in sixty days.
Next, appellant argues that his counsel was ineffective because he did not file pretrial motions to suppress evidence, and did not adequately investigate the charges against him.
This court has held that, "[a]lthough a defendant's constitutional right to effective assistance does not require defense counsel to file a motion to suppress in every case, * * * where there exist reasonable grounds for filing a motion to suppress, counsel's failure to file the motion may constitute ineffective assistance and warrant reversal." Statev. Payton (1997), 119 Ohio App.3d 694, 704. However, "[w]here the record contains no evidence which would justify the filing of a motion to suppress, the appellant has not met his burden of proving that his attorney violated an essential duty by failing to file the motion." Statev. Gibson (1980), 69 Ohio App.2d 91, 95.
The record in this case contains no evidence that would support the suppression of any evidence. Indeed, appellant does not even identify which evidence could have or should have been suppressed. Without any of this information, appellant cannot meet his burden of proving that his counsel's representation was ineffective.
Furthermore, there is nothing in the record before this court that indicates that appellant's counsel failed to effectively investigate the state's case against appellant. When an appellant makes allegations of the ineffectiveness of his trial counsel based upon facts that do not appear in the record, these allegations should be reviewed through postconviction relief, not on direct appeal. State v. Cooperrider (1983),4 Ohio St.3d 226, 228. Appellant's second assignment of error is without merit.
Although appellant does not assign it as error, the trial court's judgment entry includes "bad time" language. In State ex rel. Bray v.Russell, 89 Ohio St.3d 132, syllabus, 2000-Ohio-116, the Supreme Court of Ohio declared the "bad time" statute, R.C. 2967.11, was unconstitutional on the grounds that it violates the doctrine of separation of powers.
For the above reasons, we affirm the judgment in all respects except as to the "bad time" language; that portion of the judgment is reversed and the matter is remanded for the trial court to enter a judgment that does not include any references to bad time.
WILLIAM M. O'NEILL, P.J., JUDITH A. CHRISTLEY, J., concur.