JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant Andre Foster appeals the trial court's denial of his motion to withdraw his guilty pleas to two counts of attempted rape with sexual predator specifications. For the following reasons, we find no merit to the appeal and affirm.
 {¶ 2} In July 1997, Foster was indicted on two counts of rape. Both counts included a sexually violent predator specification. The indictment stated that Foster "engaged in sexual conduct with M.B. not his spouse, by purposely compelling her to submit by use of force or threat of force, M.B. being under the age of 13 years, to-wit: date of birth, October 18, 1992." Foster pled guilty on September 4, 1997, to two counts of attempted rape, each carrying a sexually violent predator specification, and the court sentenced him to a prison term of five years to life on each count, to run consecutively, for a total of ten years to life.
 {¶ 3} Four and one-half years after entering the pleas, in March 2002, Foster sought to withdraw his guilty pleas pursuant to Crim.R. 32.1 and included a copy of his confession and the transcript of the plea hearing. The trial court denied Foster's motion.
 {¶ 4} Foster appeals the denial of his motion to withdraw his guilty pleas and raises two assignments of error.
 Crim.R. 11 Compliance {¶ 5} In his first assignment of error, Foster contends the trial court erred in denying his motion to withdraw his pleas because the court failed to comply with the mandates set forth in Crim.R. 11(C). Specifically, Foster argues the trial court failed to ensure that he understood the nature of the offenses to which he was pleading guilty.
 {¶ 6} Crim.R. 32.1, which governs the withdrawal of guilty pleas, provides:
 {¶ 7} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
 {¶ 8} A defendant moving for a post-sentence withdrawal of a guilty plea has the burden of establishing the existence of manifest injustice. State v. Smith (1977), 49 Ohio St.2d 261, paragraph one of the syllabus. A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility, and weight of the movant's assertions in support of the motion are matters to be resolved by that court. Id., paragraph two of the syllabus.
 {¶ 9} An appellate court's review of a trial court's denial of a post-sentence motion to withdraw a guilty plea is limited to a determination of whether the trial court abused its discretion. State v.Blatnik (1984), 17 Ohio App.3d 201, 202. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." State v.Adams (1980), 62 Ohio St.2d 151, 157. It should also be noted that Foster waited four and one-half years before seeking to withdraw his guilty pleas. Undue delay between the alleged cause of the manifest injustice and the filing of the motion to withdraw is a factor which weighs against granting the motion. State v. Smith, supra, paragraph three of the syllabus.
 {¶ 10} Crim.R. 11(C) provides, in pertinent part:
 {¶ 11} "(C) Pleas of guilty and no contest in criminal cases
 {¶ 12} "* * *
 {¶ 13} "(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 {¶ 14} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 {¶ 15} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 {¶ 16} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
 {¶ 17} To comply with the constitutional requirements of Crim.R. 11, the court must explain to the defendant that he is waiving: (1) the Fifth Amendment privilege against self-incrimination, (2) the right to a trial by jury, (3) the right to confront one's accusers, (4) the right to compulsory process of witnesses, and (5) the right to be proven guilty beyond a reasonable doubt. State v. Nero (1990), 56 Ohio St.3d 106,107-108 (Citing Boykin v. Alabama (1969), 295 U.S. 238, 242-243), Statev. Higgs (1997) 123 Ohio App.3d 400, 407. Failure to strictly comply with these constitutional requirements invalidates a guilty plea. See Higgs, supra at 403.
 {¶ 18} The other requirements listed in Crim.R. 11(C)(2)(a) and (b) are nonconstitutional. State v. Shinkle, 4th Dist Nos.: 98CA2560 and 98CA2561, 1998-Ohio-3872. Although literal compliance with Crim.R. 11(C)(2)(a) and (b) is preferred, it is not an absolute requirement. See Nero, supra. In Nero, the Ohio Supreme Court stated:
 {¶ 19} "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving . . . Furthermore, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect . . . The test is whether the plea would have otherwise been made." Nero, supra, 56 Ohio St.3d at 108.
 {¶ 20} Thus, "in determining whether a defendant understands the nature of the charge, the trial court need not always recite the elements of the crime as long as the totality of the circumstances surrounding the plea are such that the court is warranted in making the determination that the defendant understands the charge." State v. Shaffer, 3rd Dist. No.: 9-99-41, 1999-Ohio-922, citing State v. Rainey (1982), 3 Ohio App.3d 441,442.
 {¶ 21} Viewing the totality of the circumstances, we find that the trial court substantially complied with Crim.R. 11 and that the trial court was warranted in determining that Foster understood the attempted rape charges to which he was pleading guilty. Foster was represented by counsel. His lawyer stated on the record that he discussed with Foster the terms of the plea, the relevant statutes and all of the possible consequences of proceeding with a trial as opposed to entering guilty pleas. (Tr. at 5-6).
 {¶ 22} Foster claims his confession does not support two rape charges. However, in his confession, he admitted molesting his five-year-old cousin and his little sister. He also argues that the confession did not contain an admission that he used force, force being one of the elements of the rape charges. However, whether the confession contained an admission to all the elements of the charges is immaterial if Foster knowingly, voluntarily, and intelligently pled to those charges.
 {¶ 23} The court also explained to Foster the ramifications of pleading guilty to two counts of attempted rape with sexual predator specifications. The dialogue between the trial court and Foster included the following exchange:
 {¶ 24} "THE COURT: Before I ask you to enter a plea, however, I must by law ask you a series of questions to determine if you understand the effect of your plea, to determine whether your plea is made knowingly, voluntarily, intelligently.
 {¶ 25} "It is my duty to advise you that if you plead guilty to count one as amended, charging attempted rape with a sexual predator specification, that that carries a potential penalty of anywhere from two to eight years in annual increments to life in prison, and up to a $15,000 fine.
 {¶ 26} "Likewise, count two, once again, attempted rape with a sexually violent predator specification, carries the same potential penalty, that being anywhere from two, three, four, five, six, seven, eight to life with a potential fine of up to $15,000.
 {¶ 27} "The agreed sentence, however, is five years to life on each count to run consecutively to each other; in other words, ten years to life; do you understand that?
 {¶ 28} "THE DEFENDANT: Yes sir.
 {¶ 29} "THE COURT: Do you understand ten years means ten years? No good time credit anymore; do you understand that?
 {¶ 30} "THE DEFENDANT: I understand.
 {¶ 31} "* * *
 {¶ 32} "THE COURT: Do you understand if you plead guilty to these two counts, it is an admission by you that you did those crimes.
 {¶ 33} "THE DEFENDANT: I understand, sir.
 {¶ 34} "THE COURT: You understand, likewise, that by pleading guilty, you will automatically be classified as a sexual predator. As a sexual predator, you'll be required to fulfill registration requirements for your entire lifetime with resident address verification every 90 days after the date of initial registration, which shall be seven days after your release from prison, if you ever get released, with the County Sheriff's Office where you reside; do you understand that?
 {¶ 35} "THE DEFENDANT: Yes, sir, I understand.
 {¶ 36} "* * *
 {¶ 37} "THE COURT: That means you have to notify your neighbors that you reside in that area, notify churches, day care centers, schools, et cetera; do you understand that?
 {¶ 38} "THE DEFENDANT: May I speak to my attorney for a minute?
 {¶ 39} "THE COURT: Sure.
 {¶ 40} "* * *
 {¶ 41} "THE COURT: Do you understand what I just explained to you, Mr. Foster?
 {¶ 42} "THE DEFENDANT: Yes, sir."
 {¶ 43} The trial court next explained to Foster that by entering a plea of guilty he would be giving up his right to a jury trial, his right to confront witnesses, and his right to compulsory process. Additionally, the trial court explained that if he were to have a jury trial he could not be compelled to testify and that by pleading guilty Foster was giving up his right to require the prosecutor to prove him guilty beyond a reasonable doubt. Thus, the trial court complied with all of the constitutional requirements of Crim.R. 11.
 {¶ 44} The dialogue continued with the following exchange:
 {¶ 45} "THE DEFENDANT: If I go to trial, can you tell me what my penalty is if you found guilty?
 {¶ 46} "THE COURT: It could be life.
 {¶ 47} "* * *
 {¶ 48} "THE COURT: Do you understand that if you are found guilty, I believe the Court would have no discretion in imposing that sentence, if you are found guilty. In other words, you would go to prison for the rest of your life.
 {¶ 49} "THE DEFENDANT: I have another question, your Honor.
 {¶ 50} "* * *
 {¶ 51} "THE COURT: Okay.
 {¶ 52} "THE DEFENDANT: If I go to trial, and the person I committed the offense against comes and testifies against me, but states that they forgave me for what I did and want me to get treatment —
 {¶ 53} "* * *
 {¶ 54} "THE COURT: Comes in here and says you did it, that is the offense. It doesn't matter. It's not up to him what penalty is imposed.
 {¶ 55} "If you use force to engage in sexual contact with the victim who is apparently five years old, that would most likely, if the jury found you guilty, and they're not going to — doesn't matter what he says in terms of punishment. It's what happened, how the offense occurred.
 {¶ 56} "* * *
 {¶ 57} "THE COURT: I have to do this. As to count one, how do you plead, count one as amended, attempted rape with a sexual predator specification, which carries an agreed sentence of five years actual to life; how do you plead to that?
 {¶ 58} "THE DEFENDANT: Guilty, your honor.
 {¶ 59} "THE COURT: How do you plead to count two charging the same offense, attempted rape with a sexually violent predator specification, which carries five to — it is an agreed five to life, but which must run consecutive to count one, which makes your sentence ten to life. How do you plead to that count?
 {¶ 60} "THE DEFENDANT: I plead guilty, your Honor.
 {¶ 61} "THE COURT: Let the record reflect the defendant pled guilty to counts one and two as amended. The court accepts the pleas and finds they are made knowingly, voluntarily, intelligently."
 {¶ 62} The transcript of the plea hearing demonstrates the court informed Foster that he was pleading to two counts of attempted rape and that each count carried a sexual predator specification. Foster was represented by counsel and stated on the record that he was satisfied with the representation of his lawyer. Foster answered affirmatively that he understood that by pleading guilty to the counts at issue that he was admitting that he committed these crimes. The court also explained to Foster the constitutional rights he would waive by entering a guilty plea to the two charges and Foster indicated he understood these rights.
 {¶ 63} Therefore, upon consideration of the entire record and the proceedings before the trial court, we find the trial court properly determined that Foster understood the nature of the attempted rape charges, the sexual predator specifications and the consequences of his plea. Accordingly, we overrule Foster's first assignment of error.
 Court Participation in Plea {¶ 64} In his second assignment of error, Foster argues the trial judge improperly participated in the plea agreement. Crim.R. 11 does not prohibit judges from participating in plea negotiations. However, because "the judge's position in the criminal justice system presents a great potential for coerced guilty pleas and can easily compromise the impartial position a trial judge should assume," a judge's participation must be scrutinized to determine if it affected the voluntariness of the defendant's plea. State v. Kiser, 5th Dist. No. 1999APO80047, 2000-Ohio-1805; State v. Byrd (1980), 63 Ohio St.2d 288.
 {¶ 65} The transcript of the plea hearing in this case indicates the trial court explained to Foster the possible sentence that would be imposed if he were found guilty at trial. In response to Foster's inquiry, the trial judge also explained that even if a victim testified at trial that she forgave him, if the victim testified that the offenses occurred Foster could still be found guilty and sentenced accordingly. The trial court also explained to Foster the rights he would waive by entering a guilty plea to the two charges and Foster indicated he understood. Moreover, the trial judge allowed Foster time to confer with his lawyer before entering his guilty plea. There is no evidence that the trial judge used his position to induce Foster to plead to the charges or participated in the plea negotiation. There was nothing in the record to suggest that Foster's plea was not knowingly, voluntarily, and intelligently made.
 {¶ 66} Finally, Foster argues the trial judge should have questioned him regarding his confession before accepting the guilty pleas. Crim.R. 11 requires that the trial judge question the defendant about certain specified matters such as the defendant's understanding of the charges, the maximum penalty involved, and the effect of a guilty plea to ensure that the plea is being made voluntarily. Crim.R. 11 does not require that the trial judge question the defendant about his confession. The content of the confession is irrelevant so long as the defendant makes his plea knowingly, voluntarily, and intelligently.
 {¶ 67} Accordingly, we overrule Foster's second assignment of error.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, P.J. and FRANK D. CELEBREZZE, JR., J. CONCUR.